The Chahcellol.
The bill prays for a divorce from bed and board. lie charges specific acts of adultery, besides setting out sufficient acts of extreme cruelty to entitle the complainant to relief on the latter ground. The evidence taken is very voluminous, and a very large portion of it relates to acts of adultery committed by the defendant with individuals other than those named in the bill. As the bill prays for a divorce a mensa et ihoro only, the charges of adultery were improperly introduced into the bill. The defendant-, however, answered the bill, and the cause having been put at issue, the parties proceeded to take tlieir testimony. At the bearing on behalf of the defendant, it was moved that so much of the evidence as relates to acts of adultery ought to be suppressed. The complainant lias not sought relief in this court for a- dissolution of the marriage bond on the ground of adultery. The gravamen of her bill is extreme cruelty, and she asks the relief provided by tlie statute for such a grievance. This question has been more than once decided in this court, and upon these authorities the evidence must be *262 suppressed. I observed, on an examination of tbe depositions, that the evidence, when offered before tbe master, was objected to. Laying aside tbis evidence, there is abundance in tbe case to entitle tbe complainant to tbe decree sbe asks for.
Tbe bill prays also for alimony. There is no need of referring this matter to a master, as I have all the evidence before me which would enable tbe master to determine tbe amount proper to be allowed. Tbe defendant is a cripple, having but one of bis arms. He has considerable real estate, which, however, is not very productive. Tbe complainant has a legacy secured to her of $1200. It appears to me that, under tbe circumstances, an allowance of two dollars and a half a week would be proper. Tbe defendant must pay tbe taxed costs of tbis suit. The costs of tbe suppressed evidence must be deducted. An additional allowance of fifty dollars for counsel fees will be allowed.
There are eight children. Tbe youngest is a little girl of . seven years of age, and it is proper sbe should be provided for. Tbe defendant’s counsel objected to any interference with tbe children. It is true tbe bill does not pray any decree in reference to their provision or disposition. But their situation is before me, and tbe decree to be made in tbis case respecting tbe parents affects their welfare. It is tbe duty of tbe court to protect such of them as require its care. Looking at tbe character of tbe case, I think it is proper that tbe youngest child should remain with the mother, and that the father should pay a proper sum for her support. Seventy-five cents a week will be allowed for that object.
• All these allowances are subject to tbe order of tbe court, from time to time, upon tbe application of either party.
Payment must be made quarter yearly by tbe defend•ant. If tbe parties cannot agree upon tbe security, there must be a reference to a master.